```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


IN RE:   BASIL STREET PARTNERS, LLC,

                        Debtor.
_____

BASIL STREET PARTNERS, LLC,

                        Appellant,

vs.                                       Case No. 2:12-mc-6-FTM-29
                                          (Bankr. No. 9:11-bk-19510-JPH)
OFFICE OF THE UNITED STATES TRUSTEE,

                        Appellee.
_____
```

## OPINION AND ORDER

This matter comes before the Court on the appellant-alleged debtor's Emergency Motion for a Stay Pending Appeal (Doc. #1)[1] filed on February 6, 2012.  No response has been filed.

The Bankruptcy Court filed a Memorandum Order Denying Alleged Debtor's Motion to Dismiss or Alternatively to Abstain, from which the alleged debtor filed an interlocutory Notice of Appeal (Bankr. Doc. #111) and a Motion for Leave to File Interlocutory Appeal (Bankr. Doc. #112) in the Bankruptcy Court.[2]  The alleged debtor

---

[1]The Court will hereinafter cite documents filed with the District Court as "Doc." and documents filed in the Bankruptcy case as "Bankr. Doc."  Copies of the relevant documents are included in the record as filed under Notice (Doc. #3) or otherwise available through PACER.

[2]Appellant "maintains the Order constitutes a final appealable order over which the District Court can properly exercise its
(continued...)

orally requested the Bankruptcy Court to stay the case pending appeal of its denial of the motion to dismiss or abstain, and that oral motion was denied. The matter is now before the District Court on the alleged debtor's request to stay the case pending appeal.

A District Court determines *de novo* whether a stay should be granted pending determination of an appeal, considering the same factors as did the Bankruptcy Court. In re Lang, 414 F.3d 1191, 1202 n.31 (10th Cir. 2005).

> [T]he movant must clearly establish: (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest.

Tooke v. Sunshine Trust Mortgage Trust, 149 B.R. 687, 689 (M. D. Fla. 1992)(quoting In re The Charter Co., 72 B.R. 70, 71-72 (M.D. Fla. 1987)). Having reviewed the record submitted by the alleged debtor, the Court finds that, at the least, it has not been clearly established that the alleged debtor will suffer irreparable injury if a stay is not granted. Therefore, the motion for a stay will be denied.

Accordingly, it is now

---

[2](...continued)
appellate jurisdiction", but filed the request "in an abundance of caution". (Bankr. Doc. #112, p.1 n.1.)

**ORDERED:**

1. The alleged debtor's Emergency Motion for a Stay Pending Appeal (Doc. #1) is **DENIED**.

2. The Clerk shall close this file.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of March, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
U.S. Trustee